UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE D. DEJEAN,

       Plaintiff,

v.                                                          Case No. 8:22-cv-0461-KKM-TGW

GARY C. KELLY, Chairman &
CEO of Southwest Airlines Company,

       Defendant.
_____

## ORDER

Pro se Plaintiff Melanie D. DeJean, a long-time flight attendant for Southwest Airlines Co., filed a Complaint against Defendant Gary C. Kelly, the Chairman and Chief Executive Officer of Southwest. (Doc. 1.) DeJean alleged in her initial Complaint that Kelly, in his capacity as Southwest's Chief Executive Officer, violated her "human and civil rights" by mandating that all Southwest employees wear face masks and get vaccinated in response to COVID-19. (*Id.*) The Court previously concluded that her Complaint constituted an impermissible shotgun pleading because it failed to separate into different counts each cause of action or claim for relief. (Doc. 4.) DeJean has now filed an Amended Complaint, (Doc. 5), which the Court again concludes is a shotgun pleading.

Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's*

*Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, DeJean's Amended Complaint is a shotgun pleading for multiple reasons. Under the "Statement of Claim" section in the Amended Complaint, there is a single paragraph, which states:

> 1) This is a complaint against Gary Kelly, (CEO of Southwest Airlines) and Southwest Airlines Co. for violations of Laws that have been determined by Tacit Acquiescence for refusing to answer a Lawful Affidavit of Proof sent to and received by Gary Kelly on 12/20/2021
>
> 2) This complaint will show that on 05/11/2020 Gary Kelly and Southwest Airlines conjoined to commit Violations of the 13th Amendment, involuntary servitude, slavery, Violations of 18 U.S. Code § 1584,

2

>Nuremberg Code violations Article 6, sections 1, 4, and 5, Violations of Title 21 U.S. Code § 360bbb-3, Violations of 42 U.S. Code § 3617, by mandating all Employees to wear face mask at work, (See Attachment 1).

(Doc. 5 at 4.) DeJean again fails to clearly and explicitly reference the attachment in her Complaint, as is required for the Court to consider it under Rule 10(c). *See* Fed. R. Civ. P. 10(c); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1327 (4th ed. 2021) ("As is true of the incorporation of prior allegations, a reference in the pleading to any attached exhibit must be clear and explicit in order to identify the instrument properly."). But assuming her vague reference above is sufficient to satisfy Rule 10(c) such that the Court can consider the allegations she makes in the attachment, DeJean once again fails to comply with Rule 10(b)'s requirement that she separate each claim into numbered paragraphs that are limited to a single set of circumstances. The result is that it is entirely unclear which allegations go with which claims in DeJean's Amended Complaint. Her Amended Complaint is a shotgun pleading on this basis alone.

Separately, DeJean's Amended Complaint is also a shotgun pleading both because she fails to clearly separate her legal claims into separate counts and because the Amended Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See Weiland*, 792 F.3d at 1321–23. In her Amended Complaint, DeJean lumps all her claims together. She states that Gary Kelly and Southwest

3

Airlines "conjoined to commit Violations of the 13th Amendment, involuntary servitude, slavery, Violations of 18 U.S. Code § 1584, Nuremberg Code violations Article 6, sections 1, 4, and 5, Violations of Titl 21 U.S. Code § 360bbb-3, Violations of 42 U.S. Code § 3617, by mandating all Employees to wear face mask at work." (Doc. 5 at 4.) And nowhere in the attachment does she separate each of these legal claims out and clearly identify which factual allegations go with which claims. Instead, her allegations are general and vague and not clearly tied to any legal claim. For example, she states that "[s]ociety actually believes, slavery does not exist, but we know about the human and sex trafficking that exists around this country and the world." (Doc. 5-1 at 8.) And elsewhere she denies that COVID-19 "exists as a virus" and claims the CDC has no samples of the virus. (*Id.* at 11.) Overall, her Amended Complaint wholly fails to give the Kelly and Southwest Airlines adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); see *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir.

2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds).

Accordingly, it is **ORDERED**:

(1) Plaintiff's Amended Complaint (Doc. 5) is **STRICKEN**.

(2) Plaintiff's Motion for Entry of Clerk's Default (Doc. 8) is **DENIED as moot**.

(3) By **May 6, 2022,** Plaintiff may file an amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint that complies with the Federal Rules by this deadline will result in the dismissal of this action without further notice. The Court notes that this will be DeJean's final opportunity to amend her pleading.

**ORDERED** in Tampa, Florida, on April 21, 2022.

Kathryn Kimball Mizelle
United States District Judge