UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE D. DEJEAN,

      Plaintiff,

v.                                           Case No. 8:22-cv-0461-KKM-TGW

GARY C. KELLY, Chairman &
CEO of Southwest Airlines Company,

      Defendant.
_____

## ORDER

Pro se Plaintiff Melanie D. DeJean, a long-time flight attendant for Southwest Airlines Co., filed a Complaint against Defendant Gary C. Kelly, the Chairman and Chief Executive Officer of Southwest. (Doc. 1.) DeJean alleged in her initial Complaint that Kelly, in his capacity as Southwest's Chief Executive Officer, violated her "human and civil rights" by mandating that all Southwest employees wear face masks and get vaccinated in response to COVID-19. (*Id.*)

The Court previously concluded that her Complaint constituted an impermissible shotgun pleading because it failed to separate into different counts each cause of action or claim for relief. (Doc. 4.) DeJean then filed an amended complaint, (Doc. 5), which the Court again concluded was a shotgun pleading, (Doc. 9). Accordingly, the Court struck DeJean's amended complaint and gave her a final opportunity to amend. (*Id.*) DeJean

proceeded to file the operative Second Amended Complaint. (Doc. 13.) Defendant Gary Kelly now moves to dismiss the Second Amended Complaint, (Doc. 19), which DeJean opposes, (Doc. 20). Kelly's motion to dismiss with prejudice is granted because DeJean's Second Amended Complaint fails to state a claim for relief and is a shotgun pleading.

## I. DeJean's Second Amended Complaint Fails to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). When considering the motion, the court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

DeJean fails to state a viable claim for relief against Kelly as a matter of law. DeJean first alleges that Kelly implemented mandatory policies in his role as CEO of Southwest

that ignored her civil rights and violated 18 U.S.C. § 242. (Doc. 13 at 11.) But § 242 "is a criminal statute and provides no private right of action." *Manning v. Whole Foods Mkt. Grp., Inc.*, No. 21-cv-10833-ADB, 2022 WL 194999, at *5 (D. Mass. Jan. 21, 2022) (Burroughs, J.). Any claim under § 242 can only be initiated by a federal grand jury or a United States attorney. *See Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974) (Daugherty, J.).

She next alleges a claim for relief under the Thirteenth Amendment to the United States Constitution, which prohibits "slavery" and "involuntary servitude." (Doc. 13 at 12.) A condition of involuntary servitude only exits when "the victim had no available choice but to work or be subject to legal sanction." *United States v. Kozminski*, 487 U.S. 931, 952 (1988); *see also Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990) ("When the employee has a choice, even though it is a painful one, there is no involuntary servitude."). DeJean does not and cannot allege that Kelly required her to continue her employment. She concedes that Kelly's actions caused her to take a leave of absence to "weigh [her] options" and forced her to "initiate [her] retirement at an early age." (Doc. 13 at 7.) Because DeJean concedes she had a choice, her allegations demonstrate that she cannot show compulsion or prove involuntary servitude. *See Watson*, 909 F.2d at 1552.

DeJean next alleges that Kelly violated 21 U.S.C. § 360bbb-3 because he failed to inform DeJean that the COVID-19 vaccine was an experimental product being used under

3

an emergency use authorization and instituted a vaccine mandate without her consent. (Doc. 13 at 13.) But again, § 360bbb-3 "does not confer a private opportunity to sue the government, employer, or worker" and "neither expands nor restricts responsibilities of private employers; in fact, it does not apply at all to private employers." *Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021) (Hughes, J.).

She further alleges a claim under 42 U.S.C. § 1981 based on the terms of her employment contract with Southwest. (Doc. 13 at 16.) Section 1981 "relates primarily to racial discrimination in the making and enforcements of contracts." *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 459–60 (1975) ("Although this Court has not specifically so held, it is well settled among the federal Courts of Appeals—and we now join them—that § 1981 affords a federal remedy against discrimination in private employment on the basis of race."). To state a claim under § 1981, DeJean must plead facts demonstrating (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate based on race by the defendant; and (3) that discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). *See White v. Fla. Highway Patrol*, 928 F. Supp. 1153, 1156 (M.D. Fla. 1996) (Kovachevich, J.). Here, DeJean does not allege or even reference that she belongs to a racial minority group or that she has been a victim of intentional racial discrimination in her former employment with Southwest. (*See generally* Doc. 13.) DeJean's other two

4

claims for payment because of Kelly's "tacit acquiescence by Non-Response of Affidavit" and for a violation of 21 C.F.R. § 50.20 likewise fail because they are not recognizable claims.

And to the extent DeJean's Second Amended Complaint states a cause of action for declaratory relief, that claim would also fail because the Second Amended Complaint does not satisfy the "actual controversy" requirement of 28 U.S.C. § 2201. Because DeJean's other alleged claims for relief would resolve the issues DeJean disputes, her request for declaratory relief does not "allege any future act or conduct about which [she] is uncertain and needs guidance—an allegation that is essential for such a claim to survive a motion to dismiss." *Bencomo Ent. v. United Specialty Ins. Co.*, 345 F. Supp. 3d 1401, 1405–06 (S.D. Fla. 2018) (Altonaga, J.). And to the extent she seeks injunctive relief, her Second Amended Complaint does not assert any basis to support such relief.

## II.   Shotgun Pleading

Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of

5

action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, while DeJean's Second Amended Complaint is an improvement on her first two attempts, it remains a shotgun pleading because it is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See Weiland*, 792 F.3d at 1321–23. For example, the Second Amended Complaint contains four sections labeled "Complaint 1," "Complaint 2," "Complaint 3," and "Complaint 4" that amount to a lengthy dialogue unrelated to any of DeJean's six claims for relief. (Doc. 13 at 6–9.) Her vague and conclusory allegations in this section are not obviously connected to her claims in any way that fairly puts Kelly on notice of the claims against him.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the

Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies").

DeJean has now had three opportunities to amend. As the Court warned DeJean in its prior order, this was her "final opportunity." (Doc. 9 at 5.) The Court concludes that any further amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Dismiss (Doc. 19) is **GRANTED**. DeJean's claims are **DISMISSED with prejudice.**

(2) The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant, to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 12, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**